### CITY MOTORS, Inc. v. ASHWORTH MOTORS CO., Inc.
No. 62-L-253.

Circuit Court, Palm Beach County.

July 3, 1963.

John M. Callaway, Lake Worth, for plaintiff.

Clarke & O'Brien, Pompano Beach, for defendant.

JAMES R. KNOTT, Circuit Judge.

This cause was tried before the court without the intervention of a jury.

Plaintiff sold an automobile through the West Palm Beach Auto Auction, Inc., to defendant, the highest bidder, who received a certificate of title and gave a check payable to plaintiff covering the sale price. Shortly after driving the car from the grounds, defendant purchaser found evidence that it was a "flood car," i.e., one which had been submerged in water. Defendant promptly stopped payment on the check and returned the vehicle and title certificate to the auctioneer, who notified plaintiff and refunded its auction fee. Plaintiff declined to recognize defendant's asserted rescission of the purchase, and brought this suit to recover the sale price of the car.

The rules of the West Palm Beach Auto Auction in effect at the time of the sale, introduced in evidence in leaflet form, required that flood cars, as well as those in certain other categories, be "announced," meaning that the seller was under obligation to inform the auctioneer of that fact so that the latter might announce it publicly in offering the car for sale. The rules provided that if the car was not "properly represented" in such respects, the buyer had the right to reject the car. On the other hand, the rules cautioned the buyer to "look over the car before bidding," allowed buyers to inspect and road test cars after the sale, and provided that cars might not be rejected for "anything you can see, including oil pressure . . . or other minor ailments . . . All sales are final . . . When you take it off the grounds, you own it."

The court finds from the evidence that the car in question was a flood car, and that the seller knew or was charged with knowledge of that fact and failed to inform the auctioneer thereof, in violation of the auction rules.

The issue presented relates to the buyer's right of rescission under the particular circumstances surrounding the sale; narrowly stated, where the seller failed to have the automobile announced as a flood car, was the buyer entitled to rescind the sale after taking the car off the grounds?

The general principles of law governing such transactions are set forth in 3 Fla.Jur., "Auctions and Auctioneers," Sec. 12 —

"The act of putting property up for sale at an auction is merely an invitation to those attending the sale to make offers to pay on the terms, conditions, and warranties announced by the auctioneer prior to the beginning of the sale.

"In an auction sale, the doctrine of caveat emptor applies and the auctioneer has the privilege of employing oral persuasion as liberally as the usual vendor of merchandise at a private sale. But breach of warranty or of condition is ground for diminishing the amount to which the seller may be entitled, and may be so serious as to bar any recovery by the seller."

The court finds that the defendant buyer of the automobile in the present case was not charged with a duty of inspection to determine whether the same was a flood car, because the seller's failure to announce it as such constituted by implication a warranty that it was not within that category, and thus released the buyer from any duty to make an inspection of the car on the auction grounds for defects attributable to the possibility that it had been submerged in water. Unless a seller's failure to announce flood cars had this effect, the required obligation to do so would be meaningless. It might be observed that the fact that certain other buyers may in the past have chosen to accept cars at similar auctions under the same circumstances without acting to rescind, as indicated by testimony offered by plaintiff, could not, of course, affect the defendant's lawful right to rescind the sale involved in the present case.

Upon consideration, it is ordered and adjudged that the plaintiff take nothing by its suit and that defendant go hence without day, costs to be taxed against plaintiff.